UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWIN JONES, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:08CV1646 JCH |
| STEVE LARKINS, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Edwin Jones' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On September 14, 2000, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of robbery in the first degree, and one count of armed criminal action. Petitioner was sentenced as a prior and persistent offender to thirty years imprisonment on each count, said terms to be served concurrently. Petitioner's convictions and sentence were affirmed on appeal. State v. Jones, 66 S.W.3d 122 (Mo. App. 2001). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. G). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Jones v. State, 253 S.W.3d 133 (Mo. App. 2008).

Petitioner is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following four claims for relief:

(1) That the trial court erred in admitting into evidence, and not admonishing the jury to disregard, comments regarding Petitioner's pre-arrest invocation of his

right to remain silent;

(2) That the trial court erred in allowing the State to introduce expert testimony from police officers that a robber armed with a knife was "dangerous" and a "danger to the community";

(3) That the trial court erred in allowing the State to introduce expert testimony from police officers regarding their opinions as to whether or not Petitioner's behavior was unusual; and

(4) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object to the State's comments and solicitation of testimony regarding Petitioner's invocation of his right to remain silent.[1]

(§ 2254 Petition, PP. 16-17). The Court will address the claims in turn.

## DISCUSSION

### I. Ground 1

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in admitting into evidence, and not admonishing the jury to disregard, comments regarding Petitioner's pre-arrest invocation of his right to remain silent. (§ 2254 Petition, P. 16). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

> In his first point, Defendant[2] alleges the trial court erred by admitting into evidence testimony that Defendant refused to answer police officers' questions prior to arrest in violation of the Fifth Amendment. Defendant claims he was subject to custodial interrogation when questioned by police, and therefore Miranda warnings should have been administered. The State responds that testimony regarding Defendant's pre-arrest silence was properly admitted because Defendant was not in custody when questioned by the police officers, and Miranda warnings were not required at that point.
>
> The facts relevant to our review of this point are as follows: On September 4, 1999, at 6:45 a.m., Connie Grigsby (Victim) was approached by a man offering to do yard work. The man walked up Victim's driveway,

---

[1] To the extent Petitioner complains in Ground 4 of error by the post-conviction motion court, such claim is not cognizable in this proceeding. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir. 1981).

[2] Petitioner is referred to as "Defendant" by the Missouri Court of Appeals.

pulled out a large knife, and then ran off with Victim's purse. The police were called, and Officers Stehlin and Monti were dispatched to the scene of the crime. After interviewing Victim and a witness, Officers Stehlin and Monti canvassed the neighborhood for the robber. They saw Defendant exiting an alley approximately a block and a half from where the robbery occurred. According to the officers, Defendant fit the physical description of the robber given by Victim and the witness. Additionally, Defendant was acting suspiciously, first walking towards the police car and then turning around when he noticed them. The officers approached Defendant and asked him questions to determine whether or not he was a suspect. They asked Defendant for his name, identification, and purpose for being in that area. Once it became clear to the officers that Defendant would not cooperate or explain his presence in that location, they arrested Defendant and brought him to the scene of the crime for identification.

Regarding their questioning of Defendant prior to arrest, Officers Stehlin and Monti gave the following testimony at trial:

> [PROSECUTOR]: Did you ask him for a name of the girlfriend or what the address was or anything?
> [OFFICER STEHLIN]: He wouldn't comply with anything. Wouldn't talk after that.
> ***
> [PROSECUTOR]: Now did you go any further in terms of the inquiry, tried to find out who this was or exactly where he was going?
> [OFFICER MONTI]: I asked him what his girlfriend's name was and that she had an address over on Cook to maybe verify this. And at this time he told me that he wasn't talking to me anymore.
> [PROSECUTOR]: All right. Did you try to question him anymore after that?
> [OFFICER MONTI]: Naw. Once he made that statement, he made it very clear he wasn't talking to me anymore.

The State is only expressly prohibited from the use of a defendant's silence as evidence to support guilt if the defendant's silence occurred at the time of arrest and after defendant received Miranda warnings. Santillan, 1 S.W.3d [572, 580 (Mo. App. 1999)]. The Fifth Amendment right to remain silent does not attach until an accused is in custody. Miranda v. Arizona, 384 U.S. 436, 467 (1966). "A person who is being asked preliminary, investigatory questions by police officers is not in custody." State v. Dye, 946 S.W.2d 783, 786 (Mo. App. E.D. 1997). Even if the police become suspicious of the individual they are questioning, a Miranda warning is not required prior to questioning unless there is a custodial interrogation. State v. Hicklin, 969 S.W.2d 303, 310 (Mo. App. W.D. 1998). An officer's mere suspicion is not enough to render his questions a custodial interrogation.

> State v. Crane, 841 S.W.2d 271, 273 (Mo. App. W.D. 1992). A custodial interrogation occurs only when the suspect is formally arrested or is subjected to arrest-like restraints. Dye, 946 S.W.2d at 786.
>
> The evidence adduced at trial reveals that Defendant was approached by police officers because he fit the description given by Victim and was acting suspiciously. The police officers asked Defendant preliminary, investigatory questions to determine if Defendant was the robber. During this period Defendant was not arrested, was not in custody and was not subjected to arrest-like restraints. The Fifth Amendment right to remain silent had not yet attached, and administration of the Miranda warnings was not necessary. Therefor, testimony regarding Defendant's pre-arrest silence was properly admissible. The trial court did not plainly err in allowing testimony of Defendant's pre-arrest silence.

(Respondent's Exh. D, PP. 2-4).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court holds the Missouri State Court's finding is neither contrary to federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. The United States Supreme Court has yet to decide whether a trial court violates a defendant's Fifth Amendment rights by allowing the State to introduce evidence of pre-arrest silence as substantive evidence of guilt. See Jenkins v. Anderson, 447 U.S. 231, 236 n. 2 (1980). Furthermore, there exists a split of authority among the federal courts of appeals that have considered

the issue. See Combs v. Coyle, 205 F.3d 269, 282-283 (6th Cir.), cert. denied, 531 U.S. 1035 (2000) (collecting cases). Under these circumstances, the Missouri State Court's adjudication did not result in a decision that was contrary to clearly established federal law, and thus the determination is entitled to deference pursuant to 28 U.S.C. § 2254(d). Ground 1 is denied.

## II.     **Grounds 2 And 3**[3]

As stated above, in Ground 2 of his petition Petitioner asserts the trial court erred in allowing the State to introduce expert testimony from police officers that a robber armed with a knife was "dangerous" and a "danger to the community." (§2254 Petition, P. 16). In Ground 3 of his petition, Petitioner asserts the trial court erred in allowing the State to introduce expert testimony from police officers regarding their opinions as to whether or not Petitioner's behavior was unusual. (Id.). Petitioner raised these claims on direct appeal of his convictions, and the Missouri Court of Appeals denied the claims as follows:

> Defendant's second and third points on appeal will be addressed together as they have a similar factual basis and concern similar issues. In his second point, Defendant alleges the trial court erred by allowing the police officers' testimony that a robber armed with a knife was "dangerous" and a "danger to the community." Defendant claims the testimony was not admissible as expert opinion because it went to the question of Defendant's guilt and was within the jurors' common experience. In his third point, Defendant asserts the trial court erred in admitting evidence of the police officers' opinions regarding Defendant's behavior and what they considered usual or unusual behavior in similar circumstances. Defendant claims the testimony was not admissible as expert opinion because it was generic and was within the jurors' common experience. In response to both points, the State maintains the police officers' testimony was not improper opinion evidence because the officers testified to observations of fact based on their experience as police officers.
>
> Defendant complains of the following direct examination of Officers Stehlin and Monti regarding the officers' decision to take Defendant to the

---

[3] The Missouri Court of Appeals addressed Petitioner's second and third grounds together, and this Court does so as well.

crime scene for immediate identification rather than conducting a lineup:

> [PROSECUTOR]: ...Would you, as a police officer, consider somebody who would be capable of committing this kind of crime to be a dangerous individual?
> [OFFICER STEHLIN]: Yes.
> [PROSECUTOR]: And if this person were walking free in the community, would you consider him to be a danger to the community?
> [OFFICER STEHLIN]: Sure. Yes.
> ***
> [PROSECUTOR]: ...Given the fact that this person would constitute a danger, would it be in the community's interest and in your interest in protecting the community to get that person off the street as soon as possible?
> [OFFICER STEHLIN]: Yes.
> ***
> [PROSECUTOR]: In your mind would a person who was-- was capable of doing this sort of thing be a dangerous person?
> [OFFICER MONTI]: Very much so.
> [PROSECUTOR]: And if he were allowed to walk free on the street would that be something you would consider a danger to the community?
> [OFFICER MONTI]: Yes, sir.
> [PROSECUTOR]: All right. And if the Defendant, when you picked him up, turned out not to be the robber would that necessarily mean that the robber is still walking free on the street?
> [OFFICER MONTI]: Exactly.
> ***
> [PROSECUTOR]: ...Would you consider the person, the perpetrator, if it weren't the Defendant to still be a danger to the community--
> [OFFICER MONTI]: Yes, I would.
> [PROSECUTOR]: --at this point?
> [OFFICER MONTI]: Yes, I would.

Defendant next complains of the following direct and redirect examination of Officers Stehlin and Monti regarding behavior the officers considered to be usual or unusual under the circumstances:

> [PROSECUTOR]: ...[D]oes it strike you unusual that [Defendant] claimed he was--was going to a girlfriend that lived on Cook but then he couldn't give you a name a or a[n] address?
> [OFFICER STEHLIN]: Yes.
> ***
> [PROSECUTOR]: You investigated robberies before or purse

snatchings or thefts of that nature?

    [OFFICER STEHLIN]: Yes, I have.

    [PROSECUTOR]: You have any idea how many times?

    [OFFICER STEHLIN]: Dozens. I mean over the years.

    [PROSECUTOR]: Okay. In your experience is it anything--is there anything unusual with catching the perpetrator and him either not having the weapon or not having the stolen goods on him when you find him?

    [OFFICER STEHLIN]: It's not uncommon.

    [PROSECUTOR]: All right. And do people still identify people in those situations?

    [OFFICER STEHLIN]: Yes, they do.

    [PROSECUTOR]: All right. And nothing unusual about that?

    [OFFICER STEHLIN]: No.

    [PROSECUTOR]: The fact that a suspect does not have the weapon on him or the stolen goods at the time that you find him, does that necessarily indicate to you as a--as a[n] officer in your experience that the person didn't commit the crime?

    [OFFICER STEHLIN]: No.

\*\*\*

    [PROSECUTOR]: ....Have you investigated other robberies; purse snatching thefts of this kind?

    [OFFICER MONTI]: Yes, I have.

    [PROSECUTOR]: Is there anything unusual in your experience with the perpetrator trying to ditch clothing that would easily be identified?

    [OFFICER MONTI]: Not at all. That's very common.

    [PROSECUTOR]: Did it strike you as unusual, given the conditions as they were that day and the fact that it was perhaps 7:00 in the morning that somebody would be walking around without a shirt on?

    [OFFICER MONTI]: Yes, it did.

\*\*\*

    [PROSECUTOR]: Okay. When you found the Defendant, did he have the knife on him or did he have the victim's purse?

    [OFFICER MONTI]: No, he didn't.

    [PROSECUTOR]: Anything unusual about that given your experience?

    [OFFICER MONTI]: No.

    [PROSECUTOR]: The fact that he did not have the weapon or the purse on him would that in your experience make you believe that he had not committed the crime?

    [OFFICER MONTI]: No, it would be very unusual for a man to be walking through an alley with a purse.

\*\*\*

    [PROSECUTOR]: In your experience is there anything

> unusual with a robber or a perpetrator of a crime to hide out near the scene of a crime when they see the police are around?
> [OFFICER MONTI]: No, there's nothing unusual about that at all.
> [PROSECUTOR]: All right. Is there anything unusual about a person trying to strip off readily identifiable clothes, hiding out from the police and then trying to sneak away an hour or so later hoping he's not noticed?
> [OFFICER MONTI]: No, there's nothing unusual. The changing of clothes or taking the clothes off is very common.
>
> "'It is within the trial court's sound discretion whether to admit expert testimony.'" State v. Simpson, 793 S.W.2d 182, 186 (Mo. App. E.D. 1990) (quoting State v. Ward, 745 S.W.2d 666, 671 (Mo. banc 1988)). Expert testimony is admissible unless the subject of that testimony is "within the realm of the jury's common experience." State v. Skillicorn, 944 S.W.2d 877, 892 (Mo. banc 1997).
>
> In Skillicorn, an FBI agent testified that suspects accused of criminal activity tend to downplay their involvement in the particular offenses. Skillicorn, 944 S.W.2d at 892. Skillicorn challenged the admission of the expert testimony because he claimed it was within the realm of common experience of the jury. Id. The Supreme Court held the trial court did not err by admitting the statement because the testimony came from the FBI agent's special knowledge as a career law enforcement officer, and not from the realm of common experience of the jury. Id.
>
> In the case before us, Officers Stehlin and Monti testified regarding the reasons they stopped and questioned Defendant based on their knowledge of how perpetrators generally behave, and their reasons for taking Defendant to the crime scene for immediate identification instead of conducting a lineup. We find this testimony does not constitute improper opinion testimony, because it came from their special knowledge and experience as career law enforcement officers, and not from the realm of common experience of the jury. The trial court did not plainly err in admitting this testimony.

(Respondent's Exh. D, PP. 4-8).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court holds the Missouri State Court's finding is neither contrary to federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. See, e.g., United States v. Parker, 32 F.3d 395, 400 (8th Cir. 1994); United States v. Brown, 110 F.3d 605, 610 (8th Cir. 1997); United States v. Placensia, 352 F.3d 1157, 1164-1165 (8th Cir. 2003). The determination thus is entitled to deference pursuant to 28 U.S.C. § 2254(d), and Grounds 2 and 3 of Petitioner's petition must be denied.

## III. Ground 4

As stated above, in Ground 4 of his § 2254 petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to object to the State's comments and solicitation of testimony regarding Petitioner's invocation of his right to remain silent. (§ 2254 Petition, P. 17). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

CONCLUSIONS OF LAW

2. Movant[4] first claims his attorney was ineffective for failing to object to the prosecutor's allegedly improper comment on his right to remain silent. The Court finds this claim is without merit because the Court of Appeals has ruled that the testimony was admissible.

The evidence at trial indicated that the robbery victim was approached by a man who offered to do yard work. He walked up the driveway, pulled out a knife and took her purse. Two police officers responded to a call and

---

[4] Petitioner is referred to as "Movant" by the post-conviction motion court.

- 9 -

interviewed the victim and a witness. They then encountered movant while canvassing the neighborhood. Movant matched the description of the perpetrator and the officers said he acted in a suspicious manner. The officers approached him and asked for his name, identification and the reason why he was in the area. He said he was on his way to his girl-friend's house but then would not answer any further questions. At the trial Officer Stehlin testified that movant "[w]ouldn't talk after that" and Officer Monti testified that movant then said he was not going to talk to him anymore.

Movant raised on his direct appeal a claim that the trial court erred by admitting into evidence testimony that he refused to answer questions prior to his arrest. The Court of Appeals rejected the claim saying the State is only prohibited from the use of a defendant's silence if the defendant's silence occurred at the time of arrest and after the defendant has been provided with <u>Miranda</u> warnings because the Fifth Amendment right does not attach until the accused is in custody. Here, the officers were asking preliminary, investigatory questions and movant was not in custody. Therefore, the testimony regarding his pre-arrest silence was admissible.

3. Movant next claims his attorney was ineffective for failing to object to the prosecutor's improper comment on his exercise of his right to remain silent when the prosecutor said during closing argument that an innocent person would have answered the questions and given the name and address of the girl-friend whereas movant told the officers he was not going to say anything.

The Court finds this claim is without merit because the statement was not an improper reference to movant's exercise of his constitutional right. As noted above, the Court of Appeals found that movant's Fifth Amendment rights had not attached at the time of the statements at issue.

(Resp. Exh. G, PP. 36-38 (footnotes omitted)). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

In Jones' second point on appeal, he argues that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. A motion court is not required to hold an evidentiary hearing for post-conviction relief unless the movant alleges facts warranting relief, those facts alleged raise matters not conclusively refuted by the record, and the matters complained of resulted in prejudice to the movant. <u>Reid v. State</u>, 199 S.W.3d 727, 731 (Mo. App. E.D. 2006).

Jones' ineffective assistance of counsel claim rests on the argument that his counsel failed to object to references about his pre-arrest silence. This Court held on direct appeal that the pre-arrest evidence was admissible

> because Jones' Fifth Amendment right to remain silent had not yet attached. While Jones cites to Deck v. State, 68 S.W.3d 418 (Mo. 2002), arguing that a finding of no manifest injustice on plain error review does not establish a finding of no prejudice under Strickland v. Washington, we find Ringo v. State more instructive. *See* Strickland v. Washington, 466 U.S. 668 (1984). In Ringo, the Court distinguished the appellant's claim from Deck by noting that, on direct appeal, it found no error, plain or otherwise. Ringo v. State, 120 S.W.3d 743, 746 (Mo. 2003). "Defense counsel cannot be found to be ineffective for failing to object to the trial court's response to the jury when the response not to supplement the jury instructions was not in error. This point, having already been determined on direct appeal cannot be raised again in a post-conviction relief motion." Id. As this Court found the evidence of Jones' pre-arrest silence admissible, his defense counsel cannot be found to be ineffective for failing to object. Consequently, as Jones did not allege facts warranting relief he was not entitled to an evidentiary hearing. Point II is denied.

(Respondent's Exh. H, PP. 3-4).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this

presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds that with this claim, Petitioner fails to satisfy either prong of the Strickland test. Specifically, as noted above, the Missouri Court of Appeals affirmed the propriety of the trial court's admission of testimony regarding Petitioner's pre-arrest silence. That ruling was correct under Missouri law. See, e.g., State v. Case, 140 S.W.3d 80, 90 (Mo. App. 2004); State v. Edmonds, 188 S.W.3d 119, 124-125 (Mo. App. 2006). Thus, because the comments and testimony regarding Petitioner's pre-arrest silence were admissible under Missouri law, his defense counsel's failure to object to their admission did not rise to the level of constitutional ineffectiveness under Strickland. Furthermore, in light of the ruling by the Missouri Court of Appeals, this Court finds Petitioner fails to prove there is a reasonable probability that, but for counsel's allegedly unprofessional error, the result of the proceeding would have been different. Ground 4 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>7th</u> day of April, 2010.

          /s/ Jean C. Hamilton
          UNITED STATES DISTRICT JUDGE